IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TEDDY SHAWN STOKES,
    Plaintiff,

vs.                                      Case No. 5:09cv326/RS/CJK

CHRISTINE OWENS,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is before the Court upon plaintiff's second amended civil rights complaint (doc. 22), defendant Owens' motion to dismiss (doc. 50), and plaintiff's response in opposition to dismissal (doc. 57).  Upon review of the relevant pleadings and legal authorities, the undersigned recommends that this case dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Century Correctional Institution.  He was confined at Apalachee Correctional Institution ("Apalachee CI") at all times relevant to his complaint.  Plaintiff's second amended complaint names one defendant:  Christine Owens, whom plaintiff identifies as a nurse.  (Doc. 22, p. 2).  Defendant Owens clarifies that her legal name is Mary Christine Owens, and that she is a health support specialist.  (Doc. 50, p. 1 nn.1, 3).  Plaintiff claims defendant Owens violated his rights under the Eighth Amendment, and committed various torts under state law, when she failed to provide plaintiff his prescribed anti-seizure medication for two days in 2007.  As relief, plaintiff seeks compensatory damages, punitive damages,

costs, and any other relief the court deems just and equitable. (Doc. 22, p. 16).

Defendant Owens moves to dismiss plaintiff's complaint on six grounds: (1) the complaint fails to state a claim upon which relief may be granted; (2) plaintiff's official capacity claims against defendant Owens are barred by the Eleventh Amendment; (3) defendant Owens is entitled to qualified immunity for claims against her individually; (4) plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); (5) plaintiff's state law claims are barred by Fla. Stat. §§ 766 and 768.28(9)(a); and (6) plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e). (Doc. 50).

## MOTION TO DISMISS STANDARD

On a motion to dismiss for failure to state a claim, the court accepts a complaint's well pleaded allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Case No: 5:09cv326/RS/CJK*

and conclusion" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *see also Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) ( "[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal.") (citing *Associated Builders, Inc.*, 505 F.2d at 99); *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations.").

As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

## ANALYSIS

<u>Plaintiff's Allegations</u>

Plaintiff alleges that on May 29, 2000, he was diagnosed as having grand mal seizures. (Doc. 22, p. 5). He was subsequently prescribed a daily anti-seizure medication called Carbamazepine. (*Id*.). On October 11, 2007, plaintiff turned in his Carbamazepine prescription for a refill. (*Id*.). On October 17, 2007, plaintiff approached the pick-up window and asked defendant Owens about the status of his refill. (*Id*.). Owens responded that the refill had not arrived, and advised plaintiff to check back with her the following morning. (*Id*., p. 6). Plaintiff advised Owens that he was diagnosed with grand mal seizures, that Carbamazepine treats the disorder, and that he had only that day's dosage of Carbamazepine remaining. (*Id*.). Nurse Owens again advised plaintiff to check with her the following morning. (*Id*.). On October 18, 2007, plaintiff again inquired as to the status of his refill. (*Id*.). Owens advised plaintiff that the refill was filled and signed for on October 13, 2007. (Doc. 12, p. 6).[2] Plaintiff disputed that fact and advised Owens that he was now out of his seizure medication, that a single missed dosage "routinely cause[d] him to have a serious seizure and injuries," and that "his seizure type ha[d] a significant mortality rate associated with it." (Doc. 22, p. 6 ¶ 11). Defendant Owens responded by directing plaintiff to check back with her the following morning. (*Id*.). The following morning, October 19, 2007, Owens advised plaintiff that she still had not

---

[2]This allegation is contained in plaintiff's first amended complaint. (Doc. 12). Although plaintiff removed this allegation from his second amended complaint, the Court may still consider it in ruling on defendant's motion to dismiss. *Cf. Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (district court properly relied on documents plaintiff filed with his original complaint in ruling on motion to dismiss plaintiff's second amended complaint). Plaintiff does not assert that the allegation should not be considered, that this fact changed, or that it was incorrect. (Doc. 57, p. 11).

*Case No: 5:09cv326/RS/CJK*

received his refill, and that he should check back with her the following morning. (*Id.*). After plaintiff repeated the risks associated with missing a dosage, Owens told plaintiff she would check the "in-house" stock for Carbamazepine and call plaintiff if they had it. (*Id.*). Owens then advised the Chronic Illness Director and Prescription Refill Nurse ARNP Land, that plaintiff had not received his medication refill and had already missed one full day's dosage of Carbamazepine. (Doc. 12, p. 8 ¶ 3). Later that day at 1:00 p.m., while plaintiff was at his work assignment, plaintiff began feeling "as if his skin was being pricked by many needles" and asked his work supervisor if he could leave work because he feared he was going to have a seizure. (*Id.*, p. 7 ¶ 15). The work supervisor allowed plaintiff to return to his dormitory. (*Id.*). At 8:00 p.m. that evening, plaintiff had a grand mal seizure that resulted in several contusions to his legs, a lacerated lip, a re-broken tooth and serious pain. (Doc. 22, p. 7). After the seizure, a male nurse told plaintiff that Carbamazepine is kept in the institution's inventory, and provided plaintiff two tablets from that inventory. (*Id.*). Based on the foregoing allegations, plaintiff claims defendant Owens violated the Eighth Amendment and committed medical malpractice, negligence and gross negligence. (*Id.*, p. 16).

<u>Plaintiff's Allegations Fail to State a Plausible Eighth Amendment Claim</u>

Plaintiff claims defendant Owens was deliberately indifferent to his serious medical needs when she "denied" him his anti-seizure medication for two days, and "knowingly, and willfully refused to retrieve from the readily accessible 'in-house' stock of medication any Carbamazepine" for plaintiff, resulting in plaintiff suffering a grand mal seizure. (Doc. 22, pp. 7-8). To prevail on an Eighth Amendment deprivation of medical care claim, a prisoner must prove three elements. First, "an

objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted).

The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor*, 221 F.3d at 1258. "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). To show deliberate indifference, the inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1325-27 (11th Cir. 2007) (alterations and quotation marks omitted). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 56 (1994). When the deliberate indifference claim turns on a delay in medical treatment, the court considers "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert*, 510 F.3d at 1327; *see also Harris v. Coweta Cnty.*,

21 F.3d 388, 393-94 (11th Cir. 1994) ("The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay."). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842, 114 S. Ct. at 1983. Disregard of the risk is also a question of fact that can be shown by standard methods. *Id.* at 846, 114 S. Ct. at 1983. In order to prevail, the prisoner must prove that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, at 1258. The challenged conduct must be "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995) (citing *Farmer*, 114 S. Ct. at 1978-79).

For the final element of an Eighth Amendment claim, a plaintiff must show the officials' deliberate indifference caused the plaintiff's injury. *Taylor*, at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim).

Here, plaintiff's allegations do not plausibly suggest that defendant Owens caused the two-day delay in plaintiff receiving his medication. Plaintiff alleges Owens was responsible for dispensing medication, not prescribing or refilling it.[3] When plaintiff asked Owens for his refill on October 17, 2007, and Owens became

---

[3]This fact is apparent from plaintiff's complaint (doc. 22), and even acknowledged in his response to the motion to dismiss. (Doc. 57, p. 2 (stating that "Stokes alleged that Defendant Owens worked for a contracting healthcare provider handing out prescription refills to inmates who kept their medication.")).

aware she did not have it, Owens researched the issue that day and reported her findings to plaintiff the following morning, October 18, 2007. Although the information proved erroneous, plaintiff does not suggest Owens was responsible for the error – she merely reported it. Nor does plaintiff suggest that Owens failed to timely notify appropriate medical staff of the error, or that she was otherwise responsible for plaintiff not receiving his prescription the following day, October 19, 2007. Plaintiff likewise fails to suggest that Owens caused plaintiff to be deprived of a dosage from the "in-house" stock. Plaintiff does not allege, nor do the facts suggest, that defendant Owens failed to follow-up on this alternative. To the contrary, plaintiff acknowledges that after offering to explore that alternative, Owens consulted with ARNP Land. (Doc. 12, p. 8 ¶ 3). Without a causal connection between defendant Owens' conduct and plaintiff's injury, plaintiff cannot prevail on his Eighth Amendment claim.

Furthermore, even assuming defendant Owens was partly responsible for the two-day delay, plaintiff's allegations do not reasonably support an inference that Owens' effort in resolving the delay was unreasonable, or amounted to more than gross negligence. Upon Owens' learning that plaintiff had taken his last dosage and had no refill, Owens researched the status of plaintiff's refill and informed plaintiff, the very next day (October 18, 2007), of her findings. Upon learning there was an error and that the issue still had not been resolved by the following morning (October 19, 2007), Owens, that day, reported plaintiff's need for medication to ARNP Land. Viewing Owens' conduct objectively, her response was reasonable. The fact that plaintiff ultimately had a seizure does not render defendant Owens' conduct unreasonable. *See Farmer*, 511 U.S. at 845, 114 S. Ct. at 1983 (holding that a public

official who acts reasonably in response to a serious medical need cannot be found liable under the Eighth Amendment, even if the harm ultimately was not averted); *see e.g., Bender v. Regier*, 385 F.3d 1133, 1138 (8th Cir. 2004) (inadvertent failure to provide adequate medical care is not a constitutional violation; mis-communication about the ordering of a given treatment is at most evidence of negligence); *see also, e.g., Amir-Sharif v. Dallas Cnty.*, No. 3:06cv81, 2006 WL 2583386, at *6 (N.D. Tex. Sept. 1, 2006) (failure to provide anti-seizure medication twice a day as prescribed due to inaccurate records amounted, at the most, to negligence); *Lesikar v. Medical Staff*, No. 3:01cv1464, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (two-day delay in providing prisoner anti-seizure medication did not amount to a constitutional violation, where inmate had consistently received prescribed dosage for the preceding fifteen days). This is especially true where, as here, plaintiff knew some seven hours before the seizure that he was having antecedent symptoms of a seizure, but failed to inform defendant Owens or any other medical staff. As plaintiff's allegations do not plausibly suggest that the two-day delay in plaintiff receiving his anti-seizure medication was the result of defendant Owens' deliberate indifference, plaintiff's Eighth Amendment claim should be dismissed.

<u>The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Tort Claims</u>

Plaintiff further claims that defendant Owens' conduct amounted to medical malpractice, negligence and gross negligence, in violation of state law. (Doc. 22, pp. 8-16). Having dismissed the federal claims which confer original jurisdiction to the Court, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d

218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Plaintiff should be aware of the relevant state statute of limitations, as well as the tolling provision of 28 U.S.C. § 1367(d) (providing that the period of limitations is tolled after dismissal for a period of 30 days so that plaintiff will not be prejudiced by refiling in state court).

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to dismiss (doc. 50) be GRANTED to the extent plaintiff's second amended complaint fails to state an Eighth Amendment claim.

2. That plaintiff's Eighth Amendment claim asserted under § 1983 be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted.

3. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to plaintiff filing them in the appropriate state court.

4. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of October, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 5:09cv326/RS/CJK